IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE ALFREDO HERNANDEZ-CRUZ,

    Petitioner,

v.                                                                                                No. 26-0486 JB/LF

MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of the
Enforcement and Removal Operations, El
Paso Field Office, Immigration and Customs
Enforcement; TODD LYONS, in his official
capacity as Acting Director of the U.S.
Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of
Homeland Security; PAMELA BONDI, in
her official capacity as Attorney General of
the U.S. Department of Justice; and Warden
of the Otero County Processing Center,

    Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 23, 2026 (Doc. 23)("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to do so waives appellate review. See PFRD at 24. The federal respondents file a notice of non-objection on March 24, 2026 (Doc. 25), and Petitioner files a notice of non-objection on March 27, 2026 (Doc. 27). The Court concludes that the PFRD that the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, wrote is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court therefore adopts the PFRD. Accordingly, the Court will grant in part

the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 19, 2026 (Doc.

1), and the accompanying Temporary Restraining Order, filed February 19, 2026 (Doc. 2).

**LAW REGARDING OBJECTIONS TO THE PFRD**

District courts may refer dispositive motions to a Magistrate Judge for a recommended

disposition.    See FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the

required proceedings when assigned, without the parties' consent, to hear a pretrial matter

dispositive of a claim or defense or a prisoner petition challenging the conditions of

confinement.").    Rule 72(b)(2) governs objections: "Within 14 days after being served with a

copy of the recommended disposition, a party may serve and file specific written objections to

the proposed findings and recommendations."    FED. R. CIV. P. 72(b)(2).    Finally, when

resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de

novo any part of the Magistrate Judge's disposition that has been properly objected to.    The

district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions."    FED. R. CIV. P.

72(b)(3).    Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United

States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents,

Known as: 2121 E. 30th St., Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")

(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).   As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-639], including judicial efficiency."   One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"   One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).   "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

---

[1] Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).   In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980) ("Raddatz").   The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."   In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court may rely on the Magistrate

---

In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'") (quoting 28 U.S.C. § 636(b)(1) (emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., but not in 28 U.S.C. § 636(b)(1)).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course, in the past and in the interests of justice, the Magistrate Judge's recommendations.  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has reviewed carefully the PFRD.  The Court did not review the PFRD de novo, because the parties have not objected to it, but rather reviewed the Magistrate Judge Fashing's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of

discretion.    The Court determines that it is not.    Accordingly, the Court will adopt the recommendations.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 23, 2026 (Doc. 23), is adopted; (ii) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 19, 2026 (Doc. 1), and the accompanying Temporary Restraining Order, filed February 19, 2026 (Doc. 2), are granted to the extent that the Court orders Petitioner's immediate release upon posting the $2000 bond that was ordered on August 8, 2025, and (iii) a Final Judgment is entered concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Maria Delaluz Hernandez
Law Offices of Maria Hernandez
Coral Springs, Florida

--and--

Victoria Lucero
The Law Office of Victoria Lucero, LLC
Albuquerque, New Mexico

   *Attorneys for the Petitioner*

Paul Mysliwiec
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

--and--

Alexander Robert Hallman
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

   *Attorneys for the Respondents Mary De-Anda-Ybarra, Todd Lyons, Kristi Noem, and Pamela Bondi*